

**Tarter Krinsky & Drogin LLP**
1350 Broadway
New York, New York 10018
P: 212-216-8000
F: 212-216-8001
www.tarterkrinsky.com

**Iris Velasquez**
Direct Dial: 212-574-392
ivelasquez@tarterkrinsky.com

March 11, 2025

**VIA ECF**
Hon. Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150

> Re:  **Phyllis Jager v. DoorDash, Inc.**
> **Case No. 7:25-cv-01929-KMK**
> **Letter Motion Requesting Removal of Complaint Containing Personal and Sensitive Information and Filed in Error**

Dear Judge Karas:

We represent Plaintiff, Phyllis Jager ("Plaintiff") in the above-referenced matter. We write in connection with the complaint filed by this office, on March 7, 2025, for the purpose of commencing this action.

On March 7, 2025, Plaintiff commenced this action by filing a complaint ("Original Complaint"). *See* ECF 1. We subsequently discovered that the Original Complaint was inadvertently filed without redacting sensitive, personal identifying information–the personal address, phone number, and part of her bank card information—in certain screenshots included in the Original Complaint. As such, in accordance with the SDNY Electronic Case Filing Rules & Instructions ("ECF Filing Rules"), we contacted the ECF Help Desk and requested that the Original Complaint containing sensitive information be removed (and replaced with a redacted copy of the Complaint) or at least sealed until this office had an opportunity to file a redacted version of the complaint.

In response to our request, the ECF Help Desk placed a temporary seal on the Original Complaint and instructed us to (i) file a redacted version of the Original Complaint and (ii) make the instant application to Your Honor, in accordance with ECF Filing Rule 21.7, requesting that the Original Complaint containing sensitive information be formally sealed by this Court. On the afternoon of March 10, 2025, we filed a redacted version of the Original Complaint ("Redacted Complaint") (which made no substantive changes to the Original Complaint other than the redactions). *See* ECF 4.

Plaintiff respectfully requests that this Court authorize the removal of the Original Complaint from the docket, or if removal is not feasible, to permanently seal the Original Complaint (ECF 1) filed by this office on March 7, 2025.

Hon. Kenneth M. Karas
March 11, 2025
Page 2 of 2

While pleadings carry a strong presumption of public access, this presumption may be outweighed by competing considerations. See *Junsub Shim v. Luxury Asset Capital, LLC, et al.*, No. 1:24-cv-09738-JPC, 2025 WL 88041, at *2 (S.D.N.Y., Jan. 10. 2025) .")(citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)) One consideration that may override the presumption of public access is the privacy interest that an individual has with regards to personal data and identifying information. *Id.* at *2; Allianz Global Investors GmbH v. Bank of America Corporation, No. 18 Civ. 10364 (LGS), 2021 WL 211544, at *3 (S.D.N.Y. Jan. 21, 2021)(finding that "[f]iling the above-referenced document under seal is necessary to prevent the unauthorized dissemination of personal data…and to protect the privacy interests of the Subject Employee.")

As such, this Court has previously granted similar applications in which a litigant seeks to have personal identifying information redacted from a filing. See *Junsub Shim v. Luxury Asset Capital, LLC, et al.*, No. 1:24-cv-09738-JPC, 2025 WL 88041, at *3 (S.D.N.Y., Jan. 10. 2025)(granting plaintiff's request to file amended complaint and exhibits thereto in a partially redacted form as "Plaintiff's interest in maintaining the confidentiality…of his personal information outweighs the presumption of full public access to the judicial documents in which that information is contained.")(citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)); *see also In re B&C KB Holding GmbH*, No. 22-mc-180 (LAK)(VF), 2023 WL 2021299 at *1 (S.D.N.Y. Feb. 14, 2023)("Lastly, courts have permitted the filing under seal of documents that include personal data, in order to prevent the unauthorized dissemination of such data and to protect an individual's privacy interest in that data, or the privacy interests of third parties.")

Plaintiff respectfully requests that this Court–in order to prevent the unauthorized dissemination of Plaintiff's personal address, phone number, and bank card information—authorize the removal of the Original Complaint from the docket, or if removal is not feasible, to permanently seal the Original Complaint (ECF 1) filed by this office on March 7, 2025.

We thank the Court for its time and consideration.

> The Original Complaint is to be filed under seal. Plaintiff is to submit a redacted version of the Complaint for public filing.
>
> So Ordered
> [signature]
> 3/12/25

Respectfully submitted,
**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Plaintiff Phyllis Jager*

By:    /s Iris Velasquez
       1350 Broadway
       New York, New York 10018
       (212) 216-8000