**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PHYLLIS JAGER,

              Plaintiff,

    v.

DOORDASH INC.,

              Defendant.

Case No. 7:25-cv-01929

**DECLARATION OF BRIAN CRAMER IN SUPPORT OF DEFENDANT DOORDASH, INC.'S MOTION TO COMPEL ARBITRATION AND STAY CASE**

I, Brian Cramer, declare as follows:

1.  I am an adult over the age of 18 and a resident of the state of California.  The information set forth herein is true and correct of my own personal knowledge (unless otherwise stated) and if asked to testify thereto, I would do so competently.

2.  I am currently employed as Senior Director, Strategy & Operations for DoorDash, Inc. ("DoorDash").  I have been employed by DoorDash since 2020.  In my present role, I manage cross-functional teams whose work involves DoorDash's consumer-facing business operations. Due to my role and tenure at DoorDash, I have knowledge of consumer-facing aspects of DoorDash's business, DoorDash's business model, and DoorDash's operating systems.  I have worked directly on consumer-facing aspects of DoorDash's business.  Throughout my tenure at DoorDash, I have worked with our product, engineering, and data and analytic teams, and have

1

worked directly with DoorDash teams responsible for developing the Marketplace sign-up processes and for consumer account sign-up processes and recordkeeping.

3. DoorDash is a technology company headquartered in San Francisco, California that facilitates food ordering and food delivery through its online marketplace accessible via the DoorDash app or doordash.com (the "Marketplace"). The Marketplace connects consumers, a broad array of restaurants and stores, and independent-contractor delivery providers ("Dashers"). DoorDash conducts business in all 50 states, the District of Columbia, and internationally. Consumers may access the Marketplace via the DoorDash website or a mobile application. Dashers typically receive delivery opportunities via an application on their smartphone or other mobile device. Consumers typically place orders on the Marketplace. Consumers also pay for their orders, and may provide an optional tip to the delivery provider, on the Marketplace (or later in cash to the Dasher directly).

4. I have familiarized myself with DoorDash's consumer account sign-up processes, the systems implementing those processes, and the data generated by those processes, including as those processes, systems, and data existed and were maintained since July 2021.

5. I make this declaration in support of DoorDash's Motion To Compel Arbitration and Stay Proceedings. I am authorized to make these statements on behalf of DoorDash. In my position as Senior Director, Strategy & Operations for DoorDash, I have access to and knowledge of the matters and information set forth in this declaration. The data from which the information set forth in this declaration was determined is maintained in the regular course of DoorDash's business.

2

**Plaintiff Phyllis Jager**

6. ***Ms. Jager's Sign-up Event.*** Plaintiff Phyllis Jager ("Ms. Jager") alleges she signed up for DoorDash and placed orders on the Marketplace. DoorDash used information provided in Ms. Jager's complaint to locate an account associated with Ms. Jager, as well as business records regarding devices and sign-up events associated with Ms. Jager's account. DoorDash business records reflect that an account for Ms. Jager with an associated New York address was created on an Android mobile device via doordash.com on July 31, 2021.

7. The DoorDash sign-up screen in July 2021 prominently disclosed that by signing up, the consumer agreed to DoorDash's Terms and Conditions ("T&C"), which were prominently hyperlinked and accessible by a tap on the sign-up screen. Attached as **Exhibit A** is a true and correct copy of the text of the T&C that were in effect on July 31, 2021.

8. Before agreeing to the T&C, prospective consumers like Ms. Jager were free to review the T&C at their leisure, on their own terms, and to seek the input of an attorney or trusted advisor if they so chose. They were equally free not to continue creating their accounts. Prospective consumers who continued to create accounts by signing up manifested their consent to the then-operative T&C by doing so.

9. Ms. Jager created her DoorDash account on July 31, 2021, by filling in her name, email, and mobile number, and creating a password on an Android mobile device using doordash.com, and thus necessarily accepted the then-operative T&C attached as **Exhibit A** through that action.

10. DoorDash business records reflect that Ms. Jager placed her first order on the Marketplace on July 31, 2021. Attached as **Exhibit D** is a true and correct copy of a DoorDash business record

3

reflecting the orders Ms. Jager placed on the Marketplace using the account she created in July 2021.

11. ***Ms. Jager's DashPass Sign up.***  DoorDash business records associated with Ms. Jager's account reflect that on December 11, 2022, Ms. Jager also used her DoorDash account to sign up for DashPass—DoorDash's subscription product.  The DashPass sign-up screen in December 2022 prominently disclosed that, by signing up for DashPass, the consumer agreed to DoorDash's T&C, which were prominently hyperlinked and accessible by a tap on the DashPass sign-up screen.  Thus, by signing up for DashPass, Ms. Jager again agreed to the operative T&C.  Attached as **Exhibit B** is a true and correct copy of the text of the T&C that were in effect on December 11, 2022.

12. DoorDash updates its T&C from time to time.  One such update occurred on November 13, 2024, when DoorDash posted a new version of the T&C on its website.  Attached as **Exhibit C** is a true and correct copy of the text of the T&C that was posted on DoorDash's website on or around November 13, 2024.  DoorDash's business records reflect that Ms. Jager continued using the Marketplace after November 13, 2024—the effective date of these updated T&C—and her last order was placed on November 21, 2024.

13. DoorDash business records reflect that Ms. Jager placed 4,456 orders using the account she created in July 2021.  *See* **Ex. D**.

14. DoorDash business records do not reflect any attempt by Ms. Jager to opt out of the arbitration agreement contained in any of the various iterations of the DoorDash T&Cs described in Paragraphs 7 through 12 above.

I declare under penalty of perjury that the foregoing is true and correct.


Executed at San Francisco, California on this 15th day of August, 2025.

Signed by:

Brian Cramer

23F77DAD9D28480...

Brian Cramer

5