**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PHYLLIS JAGER,

               Plaintiff,

    v.

DOORDASH INC.,

               Defendant.

Case No. 7:25-cv-01929

**DECLARATION OF PAUL J. KREMER IN SUPPORT OF DEFENDANT DOORDASH, INC.'S MOTION TO COMPEL ARBITRATION AND STAY CASE**

I, Paul J. Kremer, declare as follows:

1. I am a partner at the law firm of Benesch, Friedlander, Coplan & Aronoff LLP. I am admitted to practice before this Court and am a member in good standing of the bars of New York and New Jersey. I make the following declaration based on my personal knowledge. If called as a witness, I could competently testify to the matters in this declaration.

2. On December 2, 2024, Ms. Jager filed a complaint against DoorDash in federal court. *See Jager v. DoorDash*, 7:24-cv-09195 (S.D.N.Y. Dec. 2, 2024), Dkt. 1.

3. On December 17, 2024, I sent an email to Ms. Jager's counsel on behalf of DoorDash as DoorDash's outside counsel, stating that I wanted to "open up a line of communication regarding this dispute." A true and correct copy of that email is attached as **Exhibit E**.

4. The following day, I conferred with Ms. Jager's counsel via telephone and discussed Ms. Jager's claims in the lawsuit, including her claims about Dashers taking photographs of deliveries

1

as proof that orders were completed and about non-Dashers "riding along" with Dashers making deliveries, and her allegation that DoorDash shared information with her bank about suspected fraudulent credit card activity.  We also discussed DoorDash's request for an extension of time to respond to Ms. Jager's complaint.  I followed up with an email in which I proposed that the parties "plan to be in touch after the holidays."  **Ex. E**.  Ms. Jager's counsel did not express any disagreement with that plan, and he did not request that the parties hold an informal dispute resolution conference under the parties' arbitration agreement.  *See id*.

5.    On January 6, 2025, Ms. Jager's counsel asked to confer "regarding the plan going forward in this lawsuit and/or the contemplated discussion that Ms. Jager initially sought to have."  **Ex. E**. I responded later that day and again on January 8, asking to schedule a call on January 10 "to discuss a potential resolution of the matter."  *Id.*  On January 10, I again conferred with Ms. Jager's counsel via telephone about the claims in Ms. Jager's lawsuit, including her claims about Dashers taking photographs of completed deliveries and allowing third parties to ride in their cars.

6.    On January 13, Ms. Jager's counsel sent me an email, thanking me for the "frank discussion" we had on January 10 and stating that Ms. Jager was "willing to kick the can down the road on the litigation while the parties meet to discuss the issues" Ms. Jager raised.  **Ex. E**.  He proposed an in-person meeting in Manhattan, then followed up the next day stating that Ms. Jager was "willing to give a remote meeting a shot."  *Id.*

7.    I responded on January 16 to propose an "informal call" so that "my client can hear directly from Ms. Jager and we can reach a consensus on what Ms. Jager wants to prioritize in a settlement."  **Ex. E**.  Ms. Jager's counsel responded on the same day, stating, among other things:

"I appreciate your effort here."  *Id*.  The parties ultimately agreed to hold a virtual meeting on January 22.  *See id*.

8.   On January 21, the day before the virtual meeting, Ms. Jager's counsel requested that "one or more business folks" from DoorDash attend the meeting, noting that "it will be very important for my client in taking this process forward cooperatively if someone from DoorDash other than in-house counsel is at the meeting."  **Exhibit F**.  I confirmed to him that DoorDash had agreed to have Alexander Bellini, a Strategy and Operations manager, attend.  *Id.*

9.   Other than the statements in Ms. Jager's complaints and the vague statement (relayed to me by Ms. Jager's counsel) that Ms. Jager did not feel "listened to," at no point during the course of my communications with Ms. Jager's counsel did he state or suggest that he believed DoorDash had not complied with its obligation to engage in informal dispute resolution in response to Ms. Jager's November 6 notice.  To the contrary, Ms. Jager's counsel repeatedly told me that he appreciated DoorDash's effort and willingness to engage in informal dispute resolution.

10. On January 22, the parties held a virtual conference to discuss Ms. Jager's lawsuit and other issues, including her allegations about Dashers taking photographs of completed deliveries and allowing third parties to ride in their cars, and about DoorDash's practices in conducting background checks, addressing children's safety, and preventing payment fraud.  Mr. Bellini, Daisy Fernandez (DoorDash's in-house counsel), and I participated on behalf of DoorDash.  Ms. Jager was accompanied by her counsel and at least five other individuals.   DoorDash's representatives came prepared to discuss Ms. Jager's demands, had authority (within reason) to settle Ms. Jager's claims, and participated in the conference in good faith.  The conference lasted over 90 minutes.

3

11. The parties did not reach a resolution at the conference.  Following the conference, however, DoorDash continued to consider Ms. Jager's demands.  On January 29, I emailed Ms. Jager's counsel, notifying him that DoorDash was "continuing to work through Ms. Jager's list of requests and that we hope to get back to you by next week."  **Ex. F**.  I subsequently conveyed a settlement proposal to Ms. Jager's counsel over the telephone on or about February 20.

12. Ms. Jager's counsel did not provide me with a substantive response to DoorDash's proposal.  Instead, on March 7, 2025, Ms. Jager voluntarily dismissed the complaint she had filed. Three days later, on March 10, Ms. Jager filed the operative complaint in the pending action with additional claims.

I declare under penalty of perjury that the foregoing is true and correct.


Executed at New York, New York on this 15 day of August, 2025.

_____
Paul J. Kremer