# EXHIBIT G

# Notice of Intent to Initiate Informal Dispute Resolution Conference

**jrosner@tarterkrinsky.com Joel H. Rosner**                    Wednesday, November 6, 2024 at 10:37:13AM Pacific Standard Time
To: Informal.Resolution@doordash.com Informal.Resolution@doordash.com

Hello,

I am counsel to Claimants Phyllis Jager, Happenstance Manor LLC, and Barry Terach.  Please see the attached notice of our intention to initiate an informal dispute resolution conference.  While, per the terms of service, the Claimants will participate in the conference, please direct all correspondence regarding this conference to me and not to the Claimants.

Regards,
Joel H. Rosner

**Joel H. Rosner|Partner**
T: 212-216-1187|F: 646-893-5016
jrosner@tarterkrinsky.com|Bio

Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn
*Crain's 2024 best places to work in NYC*

Tarter Krinsky & Drogin is fully operational in-person. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically. Please contact our receptionist at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.

## Attachments:

**image332269.png** 8.1k

**Notice of Intent to Initiate Informal Dispute Resolution Conference.pdf** 99k

**NOTICE OF INTENT TO INITIATE**
**<u>INFORMAL DISPUTE RESOLUTION CONFERENCE</u>**

Claimant Names: Phyllis Jager, Happenstance Manor LLC, and Barry Terach

Telephone: 845-395-9977

Email Address: phyllisjagerphd@gmail.com

Claimant hereby notifies you of her intent to initiate an informal dispute resolution conference with respect to claims she intends to bring against DoorDash.

DoorDash is the dominant online food delivery service in the U.S. market, by many accounts holding greater than a 60-percent share of the market. Such dominance has resulted in the near-ubiquitous presence of "Dashers" in our streets and our restaurants. But not just Dashers, for they routinely are accompanied by others during deliveries. It is well-known to DoorDash and its users that third parties are commonly present in a Dasher's vehicle when the Dasher is making a DoorDash delivery. But there is a significant difference between these Dashers and non-Dashers: only the former receive background checks. And another difference exists: DoorDash is only aware of the Dashers who are registered in its system to provide deliveries. The non-Dashers who may accompany Dashers are effectively invisible to DoorDash, as they are not monitored or recorded by DoorDash.

While DoorDash touts that it runs background checks on its Dashers, it does not do so for the third parties who accompany the Dashers, and it also does not exercise any control over them, such as by requiring Dashers to identify to DoorDash and/or to consumers the identities of third parties present with the Dashers during deliveries, by requiring Dashers to operate without third parties being present, or by requiring that they participate in the same safety measures that apply to Dashers, such as required background checks, to ensure that these third parties do not pose a risk to DoorDash consumers.

Claimant is an extensive user of DoorDash, regularly ordering meals though the app. While Claimant has been unable to obtain a complete listing of all the deliveries she has received, she estimates the total amount she has ordered through the app over the last few years greatly exceeds a million dollars. These deliveries have afforded Claimant a prime opportunity to observe the workings of DoorDash, both the good and the bad. While the convenience of food deliveries is appreciated, the risks DoorDash imposes on Claimant, and members of the public in general, are substantial. It is routine for Dashers to photograph the delivery as proof the order was completed. But there appear to be few to no controls regarding those photographs. The Dashers (or third parties in the vehicles with them) are free to take as many photographs of the delivery locations as they wish, and to do with those photographs as they please.

Claimant and others at Claimant's premises have regularly observed Dashers, and the third parties traveling with them, taking photographs of the luxury vehicles that are located in the driveway of Claimant's premises—which driveway and vehicles are not immediately adjacent to the delivery location. Even the photographs showing the delivery routinely record much more than the delivery itself, often needlessly depicting large areas of the Claimant's premises including, but not limited to, home security systems. There is no reason for any of these types of photographs to be taken let alone retained following a delivery, but Doordash has no known policy requiring Dashers to dispose of photographs (or to verify said disposal), or of requiring Dashers to engage in proper practices to avoid misuse regarding the taking and retention of the photographs.

These photographs clearly are unnecessary to the delivery process. They would be concerning even if they were being taken only to satisfy the prying curiosity of a Dasher. But the photographs are especially concerning to Claimant (and presumably to other DoorDash users who

2

become aware of these practices) because their more likely purpose is the surreptitious collection by Dashers and their accomplices of information about Claimant's premises and vehicles.

In pre-DoorDash days, a car full of people quietly photographing a residence, particularly at night, would be immediately suspicious, as it would be believed they were "casing" the home as a potential burglary target in the future. The rise of DoorDash and other delivery services has made it less unusual to see strangers taking photographs of a home, but in so doing it has also made it much simpler for malicious persons to take advantage of this development to openly do now what previously would have to have been done in the shadows. While such persons can engage in these acts without being associated with Dashers, the prevalence of DoorDash deliveries gives such malicious persons easy opportunities to gain access to targets of interest. These opportunities are magnified when third parties ride along with Dashers, persons who are not subject to background checks by DoorDash and whose identities are unknown to DoorDash.

The photographs taken by Dashers and the persons accompanying them on deliveries can be used for purposes beyond burglary and vehicle theft. They can be used in connection with the abduction of children. This a world in which nefarious parties place literal orders on the dark web for children specifying age, gender and physical requirements, and those fulfilling those orders stalk potential targets until the ideal victim is identified. But Claimants' concern, and most peoples' concern, are not limited to such specific crimes. DoorDash, by having no policies regarding the retention and use of photographs taken by Dashers and enabling unknown third parties with unknown intentions unfettered opportunities to collect private information in innocuous ways, poses a substantial risk of harm to consumers, their children and their property.

While there are ways to correct or reduce the threat, DoorDash does not seem to be engaging any of them, e.g., requiring photographs to be taken through the DoorDash app (and for

3

them to then expire a reasonable time after the delivery is made), requiring all occupants of a Dasher's vehicle to be registered with and vetted by DoorDash, and/or adding information to the DoorDash app so that customers have means of tracking who has been to their home and when.

Claimant is interested in working with DoorDash to investigate whether these or other approaches might reduce the risks identified here in a cost-effective manner. But Claimant intends to pursue this matter if DoorDash is unwilling to change its ways.