**GIBSON DUNN**

MEMO ENDORSED

Michael Holecek
Partner
T: +1 213.229.7018
M: +1 213.220.6285
mholecek@gibsondunn.com

August 15, 2025

<u>VIA ECF</u>

Hon. Kenneth M. Karas
United States District Court for the Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

*Defendant's request to seal is granted. SO ORDERED.*

*KMK*

*8/19/2025*

Re:   *Jager v. DoorDash, Inc.,* No. 7:25-CV-01929 (S.D.N.Y.)

Dear Judge Karas:

    I represent DoorDash, Inc. in the above-captioned case. Several sentences of DoorDash's Memorandum of Points and Authorities in Support of Its Motion to Compel Arbitration and a few paragraphs of the Declaration of Alexander Bellini contain confidential, competitively sensitive information about DoorDash's fraud-detection systems. DoorDash files this letter motion to seal limited portions of the motion and the Bellini declaration to protect the confidentiality of that information.

    The specific criteria DoorDash uses to detect fraud on its platform, as set forth in the portions of the motion and the Bellini declaration that DoorDash has proposed to redact, have not been publicly disclosed. If disclosed, that information could help people who are trying engage in fraudulent activity on the DoorDash platform elude DoorDash's fraud detection systems. It could also put DoorDash at a competitive disadvantage by giving its competitors more insight into how DoorDash addresses fraud.

    Federal Rule of Civil Procedure 26(c) permits a trial court to seal court documents. In deciding sealing motions, courts in the Second Circuit assess (1) whether the information or document at issue is a "judicial document," *i.e.*, whether it "is relevant to the performance of the judicial function and useful in the judicial process"; (2) if so, whether there is a public presumption of access to the information; and (3) whether there are factors that counsel against disclosure of the information. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). To overcome the presumption of public access that attaches to a judicial document, courts must make "specific, on the record findings" that sealing is (1) "necessary to preserve higher values" and (2) "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

    A consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (quotations omitted). "Courts in this District routinely permit parties to

**GIBSON DUNN**

seal or redact commercially sensitive information to protect confidential business interests and financial information." *IBM Corp. v. Micro Focus (US), Inc.*, 2024 WL 343265, at *1 (S.D.N.Y. Jan. 30, 2024) (collecting cases); *see also, e.g.*, *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 261 (S.D.N.Y. 2024) (sealing warranted to "prevent unauthorized dissemination of confidential business information, as well as proprietary technical and trade secret information"); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021) (granting applications to partially seal documents containing confidential and proprietary business information).

Courts have specifically sealed information relating to systems used to detect and react to fraudulent or otherwise unlawful activity. *See Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (sealing information regarding Google's "processes related to detecting and responding to ad fraud on its platforms"); *In re Google Inc. Gmail Litig.*, 2014 WL 10537440, at *4 (N.D. Cal. Aug. 6, 2014) (holding that sealing was appropriate where the disclosure of information "could lead to a breach in the security of the Gmail system"); *Davis v. Pinterest, Inc.*, 2022 WL 4472067, at *2 (N.D. Cal. Sept. 26, 2022) (sealing "proprietary information about Pinterest's repeat infringer and takedown policies" because disclosure of that information "could lead to third-party abuse or competitive harm if disclosed publicly").

Even assuming that DoorDash's motion and declaration are judicial documents to which there is a public presumption of access, the Court should seal details about DoorDash's fraud detection system. Sealing is necessary to protect DoorDash from commercial harm and to prevent people from gaining information that they could use to circumvent its fraud-detection systems. DoorDash's proposed redactions are "narrowly tailored to serve that interest," *Lugosch*, 435 F.3d at 120, because DoorDash seeks to redact only several paragraphs in a declaration and a few sentences in its brief.

Pursuant to section IX(A)(ii) of Your Honor's Individual Rules of Practice for Civil Cases, redacted, public versions and unredacted, under seal versions of the DoorDash's Memorandum of Points and Authorities in Support of Its Motion to Compel Arbitration and the Bellini Declaration have been filed via the ECF system and related to this letter motion.

DoorDash met and conferred with Ms. Jager's counsel by email on August 13, 2025. Her counsel represented that Ms. Jager will need to review DoorDash's filing before determining whether or not to oppose this motion.

Respectfully submitted,

*/s/ Michael Holecek*
Michael Holecek

cc: All counsel of record (by ECF)