UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHYLLIS JAGER,

          Plaintiff,

    v.

DOORDASH, INC.,

          Defendant.

Case No. 7:25-cv-01929-KMK

I, Joel H. Rosner, hereby declare, under penalty of perjury,

1.     I am an attorney duly admitted to practice law in the State of New York and in good standing to practice before this Court. I am a Partner at the law firm of Tarter Krinsky & Drogin LLP, attorneys for Phyllis Jager ("Plaintiff"). I am fully familiar with the matters set forth in this declaration.

2.     I submit this declaration in opposition to Defendant DoorDash, Inc.'s ("Defendant") motion to compel arbitration.

3.     On December 17, 2024, more than two weeks after Plaintiff filed suit against Defendant, Defendant's counsel emailed Plaintiff's counsel for the purpose of discussing an extension of Defendant's time to respond to the lawsuit.

4.     Counsel had a brief call on December 18, primarily to discuss the extension request.

5.     The following day, December 19, Defendant's counsel requested that Plaintiff enter into a stipulation which addressed only the litigation and Defendant's time to respond to it. Attached as Exhibit A is a copy of that stipulation.

6.     At no point during these discussions did Defendant's counsel ever propose holding an informal dispute resolution conference.

7.     Defendant did not take any further action until after the 60-day period had passed (after January 6, 2025), and then only to discuss the lawsuit.  (*See* Exs.  E, F to Declaration of Paul J. Kremer, dated August 15, 2025 (Dkt. 33).)

8.     Neither Defendant nor its counsel has ever sought to hold an informal dispute resolution conference with Plaintiff, whether during the 60-day period after November 6, 2024, or at any time thereafter.

9.     The parties' subsequent discussions, including their meeting on January 22, 2025, took place purely in the context of trying to settle Plaintiff's lawsuit.

10.     In fact, Defendant's counsel asked Plaintiff's counsel to agree that nothing discussed on the January 22, 2025, call could be used in the parties' litigation, an explicit acknowledgment that the parties were engaged in inadmissible settlement communications.  *See* Ex. F to Declaration of Paul J. Kremer, dated August 15, 2025 (Dkt. 33), at 2.

11.     Defendant never took any steps to schedule a dispute resolution conference or to request an extension of time to do so, and Plaintiff did not reject any such request by Defendant.

12.     Attached as Exhibit B is a copy of Plaintiff's Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 22, 2025

_____
Joel H. Rosner